UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

INEZ M. CONTE,　　　　　　　　　　　　　　　Case No.: 11-77836-ast
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　Debtor.
-----------------------------------------------------------X

## DECISION AND ORDER GRANTING DEBTOR'S MOTION
## TO AVOID JUDICIAL LIEN

Before the Court is the January 10, 2012 motion (the "Motion") [dkt item 19] of the debtor, Inez Conte (the "Debtor"), which seeks entry of an order pursuant to 11 U.S.C. § 522(f) avoiding a judicial lien that her former spouse, John Conte ("Mr. Conte"), recorded against their former marital residence located at 32 Linden Street, Massapequa, New York (the "Residence").

Mr. Conte timely filed opposition to the Motion on January 27, 2012 (the "Opposition") [dkt item 23], and Debtor filed a reply on February 24, 2012 (the "Reply"). [dkt item 26]

A hearing on the Motion was held on March 6, 2012. At the conclusion of the hearing, the parties were given 14 days to file supplemental briefings. No supplemental briefings were filed, and the Court took this matter under submission.

On May 10, 2012, this Court announced its oral ruling on the record in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Decision and Order is in supplement thereof.

### JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), (K), and (O), and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986.

**BACKGROUND**

The following facts are taken from the parties' moving papers, and are not in dispute.

Debtor and Mr. Conte had been married well prior to this bankruptcy case. On July 17, 2008, incident to their divorce, the couple executed a stipulation of settlement (the "Stipulation"). [dkt item 23-1] Under the Stipulation, Mr. Conte executed a deed of his interest in the Residence to Debtor, in exchange for which Debtor agreed to pay Mr. Conte $60,000 within 60 days of the execution of the Stipulation, and an additional $84,009 upon the earlier of August 31, 2010 or a sale of the Residence. The Stipulation also provided that Debtor would sign an Affidavit of Confession of Judgment in favor of Mr. Conte (the "Judgment") and that the "Confession of Judgment shall be filed with the County Clerk, Nassau County in the amount of $84,009." Stipulation at 8. The Stipulation further provided that "The Husband agrees that he will not execute on this Judgment before August 31, 2010." Stipulation at 8.

On July 21, 2008, Mr. Conte executed a Deed of his interest in the Residence (the "Deed"), which was to be held in escrow until Debtor paid the first installment of $60,000. No reference to the Judgment was made in the Deed.

On or about August 8, 2008, the Debtor paid Mr. Conte the first $60,000. The Deed was released from escrow, and Debtor recorded the Deed with the Nassau County Clerk.

On August 19, 2008, Debtor executed the Judgment.

A final judgment of divorce, which incorporated the Stipulation by reference, was signed by the New York State Supreme Court on January 5, 2009, and was entered by the Nassau County Clerk on January 9, 2009 (the "Divorce Decree"). [dkt item 23-3]

In October 2010, the parties entered into an amended stipulation that extended the Debtor's time to pay the remaining $84,009 to March 1, 2011, and Mr. Conte agreed not to

execute on the Judgment prior to March 1, 2011. Debtor did not pay the remaining balance by March 1, 2011. On August 18, 2011, Mr. Conte recorded the Judgment in the records of Nassau County, thereby creating a judgment lien (the "Judgment Lien"). Mr. Conte was never paid the remaining $84,009 balance.

On November 1, 2011, Debtor filed a petition for relief under Chapter 13.

## ISSUES PRESENTED

By her Motion, Debtor seeks to avoid Mr. Conte's Judgment Lien pursuant to § 522(f) of the Bankruptcy Code[1], which provides that:

> (f)(1) the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . .

Debtor states in her Motion that the Residence had an appraised fair market value of $295,000 as of September 23, 2011, which was shortly before the petition date; that the Residence is subject to a $200,000 first mortgage in favor of Chase Bank plus arrearages on that mortgage of approximately $12,000; and that Debtor has claimed a $150,000 homestead exemption on any equity in the Residence pursuant to New York C.P.L.R. § 5206. Debtor asserts that there is no equity in the Residence to which Mr. Conte's Judgment Lien can attach and, therefore, the Judgment Lien can be avoided pursuant to § 522(f).

Mr. Conte opposes the Motion on two grounds: first, he argues that by virtue of the July 17, 2008 Stipulation, he received an equitable lien on the Residence that continued until he recorded the Judgment on August 18, 2011; second, Mr. Conte argues that the United States Supreme Court's decision in *Farrey v. Sanderfoot*, 500 U.S. 291 (1991), prohibits Debtor from

---

[1] All references to the Bankruptcy Code are to 11 U.S.C. § 101, *et seq.*

Decision and Order - 3

using § 522(f) to avoid his Judgment Lien.  Notably, Mr. Conte does not assert that the Judgment Lien secures a domestic support obligation as defined under § 101(14A), which would be a nondischargeable debt under § 523(a)(5), rendering § 522(f) is inapplicable by virtue of § 522(f)(1)(A).  Mr. Conte also does not challenge the value of the Residence or the outstanding balance of the mortgage debt stated to encumber the Residence.

In her Reply, Debtor argues that *Sanderfoot* is distinguishable from the present case because in *Sanderfoot* the debtor received his interest in the Residence through the same divorce decree by which the ex-spouse received her lien; by contrast, according to Debtor, she received Mr. Conte's interest in the Residence under the July 17, 2008 Stipulation and the July 21, 2008 Deed which was recorded on August 8, 2008, but Mr. Conte's lien was not created until he recorded the Judgment on August 18, 2011, approximately three years later.

For the following reasons, this Court concludes that Mr. Conte did not receive an equitable lien under the Stipulation; that his lien was created solely by recording the Judgment on August 18, 2011; and as a result, Debtor may avoid the Judgment Lien under § 522(f).

## DISCUSSION

**Equitable Lien**

Mr. Conte's first argument is that "[u]pon the signing of the Stipulation, an equitable lien upon the residence was created in favor of [Mr. Conte]" which equitable lien continued until Mr. Conte recorded the Judgment with Nassau County.  Opposition at ¶ 8.  In support of this argument, Mr. Conte cites several decisions, which this Court will address in turn below.

Initially, the Court notes that neither party has cited to any statutory provision of New York State law regarding the creation or recognition of equitable liens; thus, equitable liens are a creation of common law.  New York case law provides some broad guidelines as to when a court

may create an equitable lien.  Specifically, the Appellate Division, Second Department stated in *Datlof v. Turetsky* that "[t]he existence of an equitable lien requires an express or implied contract concerning specific property wherein there is a clear intent between the parties that such property be held, given or transferred as security for an obligation.  It is equally well settled that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund, or operate as an equitable assignment thereof." 111 A.D.2d 364, 365, 489 N.Y.S.2d 353, 354-355 (N.Y. App. Div. 2d Dep't 1985) (internal citations omitted).

In applying this broad language, this Court is mindful that "equitable relief is available only if [a party's] legal remedies are inadequate."  *Brown v. Sandimo Materials*, 250 F.3d 120, 128 (2d Cir. 2001); *see Dairy Queen v. Wood*, 369 U.S. 469, 479 (1962); *Beacon Theatres v. Westover*, 359 U.S. 500, 510-511 (1959).

Debtor essentially argues that Mr. Conte did not receive an equitable lien under the Stipulation because the Stipulation provided a legal remedy – that Mr. Conte could immediately record the Judgment and thereby create a legal lien on the Residence.  Debtor points to the language on page 7 of the Stipulation which says "a Confession of Judgment shall be filed with the County Clerk, Nassau County in the amount of $84,009."  Under New York law, a judgment lien attaches when the judgment is docketed in the county where the real property is located. N.Y. C.P.L.R. § 5203(a) (McKinney 2011); s*ee Musso v. Ostashko*, 468 F.3d 99 (2d Cir. 2006).

Further, debts arising from separation agreements or divorce decrees, including debts for alimony or child support, are not enforceable against the ex-spouse's property "until the award has been reduced through further proceedings to final judgment" by, for example, recording the judgment in the county where the debtor's real property is located.  *Snow v. Snow*, 8 A.D.2d 516,

Decision and Order - 5

190 N.Y.S.2d 902, 905 (App. Div. 2d Dep't 1959); *see* N.Y. C.P.L.R. § 5203(a); N.Y. DOM. REL. L. § 244; *see also Gaines v. Gaines*, 109 A.D.2d 866, 867, 487 N.Y.S.2d 61 (N.Y. App. Div. 2d Dep't 1985).

This Court is persuaded by Debtor's argument and by the plain language of the Stipulation and New York statutory law that Mr. Conte had a clear legal remedy available – by recording the Judgment, he could have created a legal lien.

The cases that Mr. Conte cites in his Opposition do not support a different result. In *In re Wells*, 160 B.R. 726, 729 (Bankr. N.D.N.Y. 1993), the bankruptcy court recognized that an equitable lien existed in favor of the debtor's ex-wife in the proceeds from the sale of the former marital residence that debtor had received under the divorce decree. However, in *Wells*, "[t]he Deed contain[ed] a provision that the transfer is 'subject also to the right of the grantor, as set forth in a stipulation of settlement . . .'." *Id.* at 727. Thus, not only did the *Wells* debtor receive title to the residence through the divorce decree subject to the ex-wife's lien, the lien was expressly stated on the face of the deed. *Id.*; *see In re Fischer*, 129 B.R. 285 (Bankr. M.D. Fla. 1991) (finding equitable lien existed where non-debtor spouse was granted a lien as part of the final judgment of dissolution). Here, however, no such lien was granted in the Stipulation, in the Divorce Decree, or in the Deed.

The other cases that Mr. Conte cites are equally unavailing and are distinguishable on the facts. In *In re Webb*, 160 F. Supp. 544 (S.D. Ind. 1958), the court recognized an equitable lien in the sale proceeds of the marital residence because the non-debtor spouse was in actual physical possession of the residence prepetition, thus giving inquiry notice to any bona fide purchaser of her interest in the property. In *In re Ruark's Estate*, 64 Misc. 2d 1008, 1010, 316 N.Y.S.2d 777 (N.Y. Sur. Ct. N.Y. County 1969), the Surrogate Court determined that when the estranged

Decision and Order - 6

husband's will was inconsistent with the terms of the separation agreement, the separation agreement controlled and the surviving spouse was entitled to her share of the marital residence. Finally, the decision in *Knight v. Knight*, 57 N.Y.S.2d 304, 306 (N.Y. Sup. Ct. 1945), which predates the enactment of New York C.P.L.R. § 5203 governing the recording of judgment liens, recognized an equitable lien in funds held in escrow, not an equitable lien on real property.

What most distinguishes the present case from the cases cited by Mr. Conte is that here the Stipulation expressly provided for the recording of the Judgment which, under New York law, would have created a legal lien in favor of Mr. Conte upon recordation. Because Mr. Conte failed to timely exercise his legal remedy of recording the Judgment, this Court declines to recognize an equitable lien in favor of Mr. Conte.

### *Sanderfoot* Does Not Control This Case

Mr. Conte's second argument is that the Supreme Court's decision in *Sanderfoot* compels the Court to deny Debtor's Motion to avoid his Judgment Lien. This Court disagrees.

In *Sanderfoot*, the Wisconsin matrimonial court issued a divorce decree that awarded title to the marital residence to the debtor/ex-husband and, as a part thereof, created a lien on the property in favor of the non-debtor ex-wife to secure payment for her interest in the residence. 500 U.S. at 300. Because the *Sanderfoot* debtor obtained fee simple title to the residence through a divorce decree that simultaneously fixed a lien on the residence in favor of his ex-wife, the Supreme Court held that the debtor took title to the residence already encumbered by the non-debtor ex-spouse's lien. Thus, because the debtor "never possessed his new fee simple interest before the lien 'fixed,' § 522(f)(l) is not available to void the lien." The Supreme Court thus concluded that "§ 522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an

interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." *Id*. at 301.

Applying *Sanderfoot* to the present case, this Court finds that Debtor received her interest in the Residence when the Deed was released from escrow and recorded in August 2008, but certainly by no later than January 9, 2009 when the Divorce Decree was entered; as noted, the Divorce Decree incorporates the July 18, 2008 Stipulation by reference. At the time Debtor obtained her interest in the Residence, she had created a personal obligation to pay Mr. Conte the $84,009 balance of the agreed consideration in exchange for Mr. Conte's interest in the Residence; however, Debtor did not secure this unpaid balance with the interest in the Residence she obtained from Mr. Conte. Thus, no lien was expressly created or fixed in favor of Mr. Conte in the Stipulation, in the Deed, or in the Divorce Decree. Rather, the Stipulation, which was executed on July 17, 2008, specifically provided that "a Confession of Judgment shall be filed with the County Clerk, Nassau County in the amount of $84,009." Stipulation at 8. However, Mr. Conte did not record the Judgment and thereby create a lien against the Residence until August 18, 2011, more than two and a half years after entry of the Divorce Decree. *See* N.Y. C.P.L.R. § 5203(a). It is clear that Mr. Conte could have recorded his Judgment contemporaneously with his delivery of the Deed and well prior to the entry of the Divorce Decree because the Stipulation expressly provided for recordation, and because the Stipulation only prohibited "execution" of the Judgment. Recordation and execution of a judgment are distinct and separate acts under New York law. *See* N.Y. C.P.L.R. § 5203(a).

As a result, Debtor received her interest in the Residence well before Mr. Conte's Judgment Lien attached to Debtor's interest in the Residence. Because Debtor possessed a fee

simple interest in the Residence prior to the date on which Mr. Conte's Judgment Lien attached, Debtor may avoid the fixing of the Judgment Lien pursuant to *Sanderfoot* and § 522(f)(1).

## CONCLUSION

In conclusion, the Court rejects Mr. Conte's arguments that he obtained an equitable lien on the Residence by virtue of the Stipulation. Rather, he obtained a Judgment Lien on August 18, 2011, when he recorded the Judgment with Nassau County, pursuant to New York C.P.L.R. § 5203(a). Debtor obtained her interest in the Residence no later than January 9, 2009, well before Mr. Conte's lien attached on August 18, 2011. This Court concludes that Mr. Conte's Judgment Lien impairs the Debtor's homestead exemption under New York C.P.L.R. § 5206, and Debtor may avoid the fixing of that Judgment Lien pursuant to 11 U.S.C. § 522(f)(1).

For the forgoing reasons, it is hereby

**ORDERED**, that the Debtor's Motion is granted; and it is further

**ORDERED**, that upon the filing by the Chapter 13 Trustee of a Certification of Completed Chapter 13 Plan, the judicial lien of John Conte in the sum of $84,049.00[2], including any accrued interest thereon, under index number 2008/201919 entered on August 18, 2011 in the office of the Nassau County Clerk against the Debtor, Inez Conte's real property located at 32 Linden Street, Massapequa, New York, shall be null and void; and it is further

**ORDERED**, that John Conte's Judgment Lien shall be treated as a general unsecured claim and shall be paid through the Debtor's Chapter 13 plan; and it is further

---

[2] This amount includes Mr. Conte's Judgment of $84,009.00 as well as $40.00 in statutory costs and disbursements. *See* dkt item 19, Exhibit "C".

**ORDERED**, that upon the filing by the Chapter 13 Trustee of a Certification of Completed Chapter 13 Plan, the Clerk of Nassau County, State of New York, is directed to note the vacating of John Conte's lien from the Clerk's records as to the Debtor, Inez Conte's real property located at 32 Linden Street, Massapequa, New York.



**Dated: May 21, 2012**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**